IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

EUGENE DAYTON PRINGLE, JR.,   2:13-cv-00309-SU

            Plaintiff,   FINDINGS AND RECOMMENDATION

    v.

STATE OF OREGON, JOHN KITZHABER,
*et al.*,

            Defendants.

SULLIVAN, Magistrate Judge:

*Pending Motions*

    Eugene Dayton Pringle, Jr. ("Pringle"), a holder of three placer mining claims, filed a *pro se* Amended Complaint against the State of Oregon, Governor John Kitzhaber, Oregon Attorney General Ellen Rosenblum, the Oregon Department of State Lands, Erik Metz, the Oregon Parks and Recreation Department, Jan Houck, the Oregon Department of Fish and Wildlife, the United States, United States Attorney General Eric Holder, the United States Department of Interior, Secretary of

1 - FINDINGS AND RECOMMENDATION

the Interior Ken Salazar,[1] Brian T. Bair, TEAMS Enterprise, Robert Nykamp, Tim Holden, Above and Beyond Ecosystems Enterprises, The Freshwater Trust, Peter Paquet, RBP, LLC, and John and Jane Doe 1 to 999 to be named. (Am. Compl. 3–5.) Pringle alleges the Oregon Scenic Waterways Act ("OSWA"), OR. REV. STAT. §§ 390.805–390.92, and the federal Wild and Scenic Rivers Act ("WSRA"), 16 U.S.C. §§ 1271–1287, restrict his ability to mine his claims, resulting in a taking of private property for public use without just compensation. (Am. Compl. at 1–2.) Pringle also seeks a declaratory judgment that the OSWA and WSRA are preempted by the General Mining Act of 1872, 30 U.S.C. §§ 21–54. (Am. Compl. at 1–2.)

Previously, all defendants for the State of Oregon (collectively "State defendants") moved to dismiss Pringle's Amended Complaint in its entirety, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). On December 23, 2013, this court recommended the State defendants' Motion to Dismiss be granted (doc. #38) and, on February 25, 2014, that decision was adopted by Judge Marco A. Hernandez (doc. #47). Accordingly, Pringle's § 1983 claim alleging a violation of the Takings Clause of the Fifth Amendment was dismissed against the State defendants, without prejudice; and, Pringle's federal preemption claim against the State defendants was dismissed, with prejudice.[2] Jerry R. DeLoach, Alice M. DeLoach, Jeff R. DeLoach, Doyle Hays, Jason R. DeLoach, William Splawn, and Shirley Splawn, co-claimants with Pringle were dismissed, without prejudice.

At the time of the court's prior ruling in this case, the United States defendants, *i.e.*, United States Attorney General, Eric Holder ("Holder"); the United States Department of Interior; and Sally

---

[1] Sally Jewell is the current Secretary of the Interior. Under FED. R. CIV. P. 25(d), a public officer's successor is automatically substituted as a party.

[2] Other defendants had previously been dismissed from the case. *See* Findings and Recommendation (doc. # 38) at 2 n.3.

2 - FINDINGS AND RECOMMENDATION

Jewell, Secretary of the Interior (collectively "DOI") had not appeared in this action. In fact, on December 13, 2013, the court issued an Order to Show Cause (doc. #34) why the United States defendants should not be dismissed from this case for failure to effectuate proper service of process upon them. Subsequently, Pringle did effectuate service on all United States defendants. In response, the United States defendants filed motions to dismiss. Specifically, the DOI filed a Motion to Dismiss (doc. #53), pursuant FED. R. CIV. P. 12(b)(6), on the basis it is not the agency responsible for regulating surface mining activity on national forest service land. Similarly, Attorney General Holder filed a Motion to Dismiss (doc. #52), pursuant to FED. R. CIV. P. 12(b)(6), on the ground he does not administer surface mining activity on national forest service lands and, thus, cannot be liable for any of Pringle's claims. Pringle did not file a response to either of these motions and, consequently, the government's motions are unopposed. For the reasons that follow, the DOI's and Attorney General Holder's motions to dismiss should be granted.

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a

possible claim for relief will not do.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

*Discussion*

I.  DOI's Motion to Dismiss

Pringle alleges the DOI is responsible for the taking of his private property without just compensation in connection with his mining claims in the Malheur National Forest. The DOI maintains it is not responsible for regulating surface mining activity on national forest service lands; that is the responsibility of the United States Forest Service ("USFS"), and consequently, Pringle's claims against the DOI must be dismissed.

The General Mining Act of 1872 is considered the "cornerstone of federal legislation dealing with mineral lands." *United States v. Coleman*, 390 U.S. 599, 600 n.1 (1968).  The Act, as amended, is codified at 30 U.S.C. §§ 22–54.  Under the Mining Act, a private citizen may enter public lands to prospect and mine for mineral deposits.  30 U.S.C. § 22.  The Secretary of the Interior is charged with the supervision of public business related to public lands, including mines.  43 U.S.C. § 1457. Mining on public land is generally subject to regulation by the Secretary of the Interior through the Bureau of Land Management ("BLM").  *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 520 (2013). Accordingly, the BLM has implemented regulations that control the surface operations related to mining operations on public lands that are authorized by the mining laws. 43 C.F.R. §§ 3809.1–3809.900.

The administration of the national forests was transferred to the Department of Agriculture by the Transfer Act of February 1, 1905, codified in part at 16 U.S.C. § 472. The Organic Administration Act of 1897, 16 U.S.C. § 471 ("OAA"), authorizes the Secretary of Agriculture to protect the forests from destruction and depredation. 16 U.S.C. § 551; *Public Lands for the People, Inc. v. U.S. Dep't of Agric.*, 697 F.3d 1192, 1197 (9th Cir. 2012). Section 551 provides, in part:

> The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside or which may be hereafter set aside . . . and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction . . . .

16 U.S.C. § 551.

Pursuant to the OAA, the USFS, a branch of the Department of Agriculture, issued regulations in 1974 governing "use of the surface" of national forest system lands in connection with operations authorized by the Mining Act, 36 C.F.R. § 228.1 (1983). Section 228.1 provides:

> It is the purpose of these regulations to set forth rules and procedures through which use of the surface of National Forest System lands in connection with operations authorized by the United States mining laws, 30 U.S.C. §§ 21–54, which confer a statutory right to enter upon the public lands to search for minerals, shall be conducted so as to minimize adverse environmental impacts on National Forest System surface resources.

36 C.F.R. § 228.1. Accordingly, the Secretary of Agriculture has promulgated regulations that control mining activities that affect surface disturbances on all national forest system lands. 36 C.F.R. §§ 228.1–228.15. People can prospect, locate, and develop mineral resources in a national forest provided they comply with the rules and regulations promulgated by the Secretary of Agriculture. 16 U.S.C. § 478. The national forest lands remain subject to the Mining Act of 1872. 16 U.S.C. § 482.

5 - FINDINGS AND RECOMMENDATION

Pringle's mining claims are located in the Malheur National Forest and, as explained above, the DOI is not responsible for regulating the mining activity that affects surface activity and disturbances. Instead those activities are regulated by the Department of Agriculture. Therefore, the DOI is not the responsible agency in this case and, as such, cannot be liable for the misconduct alleged by Pringle. Alternatively, this court previously determined Pringle's takings claim is not ripe. *See Pringle v. State of Oregon, et al.*, No. 2:13-cv-00309-SU, 2014 WL 795328, at *5 (D. Or. Feb. 25, 2014) ("Because Pringle has failed to seek compensation through available State procedures, and he does not allege that these procedures are unavailable or inadequate, his takings claim is not ripe for review in federal court."). Accordingly, Pringle's claims against the DOI should be dismissed.

II.     Holder's Motion to Dismiss

Pringle filed this action against, among others, Attorney General Holder, in his official capacity. Pringle alleges Attorney General Holder, along with the other defendants, is responsible for the taking of his private property without just compensation in connection with his mining claims in the Malheur National Forest.

Pursuant to FED. R. EVID. 201, the court takes judicial notice that the Department of Justice ("DOJ") is the federal executive department responsible for the enforcement of laws and the administration of justice in the United States. Holder, as the current Attorney General, heads the DOJ. The court further acknowledges that the DOJ includes the United States Attorney's offices, and it also administers the United States Marshals Service, the Federal Bureau of Investigation, the Federal Bureau of Prisons, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the Drug Enforcement Administration, and the Office of the Inspector General. *See*

6 - FINDINGS AND RECOMMENDATION

http://www.justice.gov/agenices/index-org.html   (Department of Justice Agencies in form of organizational chart) (last visited June 19, 2014).  DOJ does not administer surface mining activity on mining claims in a national forest, and Attorney General Holder does not administer surface mining activity on national forest service lands.  As explained above, that is the responsibility of the Secretary of Agriculture through the USFS.  Therefore, Attorney General Holder cannot be liable, as a matter of law, for the misconduct alleged by Pringle.  Alternatively, as stated above, this court previously determined Pringle's takings claim is not ripe.  *See Pringle*, 2014 WL 795328, at *5.  Accordingly, Pringle's claims against Attorney General Holder should be dismissed.

*Recommendation*

Based upon the foregoing, the DOI's Motion to Dismiss (doc. #53) should be GRANTED, with prejudice; and Attorney General Holder's Motion to Dismiss (doc. #52) should be GRANTED, with prejudice.  Accordingly, Pringle's Amended Complaint (doc. #4) should be DISMISSED.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due July 17, 2014.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 30th day of June 2014

                          /s/ Patricia Sullivan
                            Patricia Sullivan
                          United States Magistrate Judge